**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHENG BI YUN** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:26-cv-01786-E-BN** |
| | § | |
| **WARDEN/OFFICER-IN-CHARGE,** | § | |
| **PRADAIRELAND DETENTION** | § | |
| **CENTER et al,** | § | |
| | § | |
| **Respondents.** | § | |

**<u>ORDER</u>**

Before the Court are Petitioner's Petition for Writ Habeas Corpus and Emergency Motion for Temporary Restraining Order and Stay of Removal, ECF No. 1.  Having reviewed the briefing and appliable law, the Petition and the Motion are **DENIED**.

**I.      BACKGROUND**[1]

Petitioner is a dual citizen of Antigua and Barbuda and the People's Republic of China ("China").  She was taken into ICE custody after a vehicle stop that she claims was pretextual and is under a final removal order to China.  She is currently being held in the Prairieland Facility and the government plans to deport her to China imminently. She claims the government has unlawfully refused her stay of removal based on her Antiguan citizenship and passport, and that she is "actively hemorrhaging due to a suspected malignant uterine tumor."[2] She filed this habeas petition, arguing violation of due process pursuant to the Fifth Amendment, Unlawful Agency Action in Violation of 5 U.S.C. § 702, 706 of the Administrative Procedure Act ("APA"),

---

[1] Unless otherwise specified, all facts are taken from Petitioner's Petition, ECF No. 1.
[2] Pet. 1, ECF No. 1.

Deliberate Indifference to Serious Medical Need in Violation of the Fifth Amendment, and Unlawful Arrest and Detention in Violation of the Fourth and Fifth Amendments, and Unlawful Country-of-Removal Designation in violation of 8 U.S.C. §1231(b) and the APA.[3]  She further requests a temporary restraining order ("TRO") to (1) stay Petitioner's removal from the United States until the full adjudication of the habeas merits and (2) immediately release Petitioner from ICE custody.  Having considered the briefing and applicable law, the Court **DENIES** the TRO and the Petition for Writ of Habeas Corpus.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions.  A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief."  *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009).  Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief.  *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021).  A preliminary injunction is an "extraordinary remedy" and will be granted only if the movant "clearly carried the burden of persuasion on all four requirements."  *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009).  Issuing a preliminary injunction should be "the exception rather than the rule," *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985), and the Court will not issue a preliminary injunction unless the movant establishes: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the preliminary injunction will not disserve the public interest.  *Daniels Health Sci., LLC v. Vascular Health Scis.,*

---

[3] *See* Pet. 6-8, ECF No. 1.  The Court relays the claims as written by Petitioner.

*LLC*, 710 F.3d 579, 582 (5th Cir. 2013); *accord Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). "Failure to sufficiently establish any one of the four factors requires [the court] to deny the movant's request for a preliminary injunction." *City of Dallas v. Delta Airlines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017).

## III.   DISCUSSION

### A.   The Court cannot provide the relief sought pursuant to a TRO.

The Court denies the TRO because Petitioner asks for improper relief. Petitioner seeks a stay of her order of final removal. "A request for stay of removal is a challenge to a removal order." *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026). And federal courts lack jurisdiction over "claims connected directly and immediately with a 'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.'" *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999). Thus, this Court lacks the authority to stay her removal proceedings. *Imran*, 2026 WL 93131.

Petitioner also requests "immediate release of ICE custody."[4] But release is an ultimate form of relief that this Court cannot grant pursuant to a TRO. "The purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022). Likewise, the purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). Thus, the Court cannot give Petitioner "the ultimate relief requested" in the form of a preliminary injunction or TRO; it can "only preserve the *status quo*." *Ramirez Rios v. Noem*, 3:25-CV-522,

---

[4] Pet. 9, ECF No. 1.

2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025).  Thus, the Court cannot grant relief under the TRO in the form of release.

### B.  Petitioner's Claims Do Not Have Merit.

Furthermore, both Petitioner's APA-based claims and Constitutional-based claims lack merit.  Petitioner's APA-based claims fail as this Court does not have jurisdiction over them. Section 704 of the APA states, in no uncertain terms, that "[a]gency action made reviewable by statute and final agency action *for which there is no other adequate remedy in a court* are subject to judicial review."  5 U.S.C. § 704 (emphasis added). Because Petitioner requests habeas relief as the remedy for her APA claim, she unwittingly admits that there is, in fact, an adequate remedy outside of the APA.  Moreover, the Supreme Court recently held that "where an alien detainee's claims 'necessarily imply the invalidity of their confinement' these claims must be brought in habeas." *P.B. v. Bergami*, No. 3:25-CV-2978, 2025 WL 3632752, at *9 (N.D. Tex. Dec. 13, 2025) (O'Connor, C.J.) (quoting *J.G.G.*, 604 U.S. 670, 672 (2025)).

Petitioner also cannot succeed on her Constitutional-based claims.  First, it is well-settled that "an alien's detention during removal proceedings is constitutionally permissible." *United States v. Gomez-Lira*, 75 F. App'x 979, 979 (5th Cir. 2003) (citing *Demore v. Kim*, 38 U.S. 510 (2003); *see also Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025).  Because she is subject to a removal order[5] and held under section 1231, the Constitutionality of her detention is governed by exclusively by *Zadvydas v. Davis*, 533 U.S. 678 (2001); *see also Maldonado v. Macias*, 150 F. Supp. 3d 788, 799 (W.D. Tex. 2015) ("inadmissible aliens are not entitled to the full protection of the Constitution" but only due process during deportation proceedings); *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (the "through line of

---

[5] Pet. 5, ECF No. 1.

history [is] recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens."); *Mathews v. Diaz*, 426 U.S. 67, 80 (1976) ("Congress regularly makes rules that would be unacceptable if applied to citizens."). Under *Zadyvdas*, an immigrant's continued detention post-final removal becomes unlawful only if the government cannot remove him in the foreseeable future. *See also* 8 U.S.C. §1231(a)(1)(B) (implementing a 90-day removal period that begins upon certain events, including a removal order becoming administratively final). As Petitioner admits, the government plans to remove her to China imminently.[6] Thus, *Zadyvdas* does not provide her with a basis for relief.

Finally, "Fifth Circuit precedent provides that unconstitutional conditions of confinement—even conditions that create a risk of serious physical injury, illness, or death—do not warrant release." *Barbosa v. Barr*, 502 F. Supp. 3d 1115, 1120 (N.D. Tex. 2020) (quoting *Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009)). Thus, even if she were correct that "[f]orcing Petitioner onto an intercontinental flight while actively hemorrhaging places her life in immediate, unconstitutional jeopardy,"[7] that does not provide a basis for relief.

## IV.   CONCLUSION

Because Petitioner's confinement is lawful under *Zadvydas*, and this Court does not have jurisdiction to review the merits of the order of final removal, *Imran*, 2026 WL 93131, the TRO and Petition for Habeas are **DENIED**.

**SO ORDERED** on this **June 2, 2026**.



Ada Brown
UNITED STATES DISTRICT JUDGE

---

[6] Pet. 1, ECF No. 1.
[7] Pet. 7, ECF No. 1.